IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRUCE MICHAEL BUSWELL, JR.  *  <br> Plaintiff, <br> v.                                           *   CIVIL ACTION NO. PJM-07-1192 <br> <br> DAVID BLUMBERG                      * <br> M. MYKET <br> Defendants.                    * <br> *** | |

## **MEMORANDUM OPINION**

On May 7, 2007, this Court received a Complaint and Motion for Leave to Proceed In Forma Pauperis from Bruce Buswell, a prisoner currently housed in the Madison Correctional Institution in Madison, Florida, where he is serving a Florida sentence. Paper No. 1. Named are the Chairman of the Maryland Parole Commission and Plaintiff's parole officer. Plaintiff claims that he has sent requests for legal documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to Chairman Blumberg and Parole Officer Myket so that he can prepare for his parole hearing, which is currently scheduled to occur on or about August 17, 2007. *Id*. He alleges that the failure to respond violates the FOIA and also violates his due process rights because it will result in his appearing before the parole board without the opportunity to prepare his case.[1] *Id*. Plaintiff seeks to: compel the disclosure of the information he seeks; lift the parole detainer warrant; and to have his Maryland sentence run concurrent with the 28-month term he is currently serving in Florida. *Id*.

---

[1] Plaintiff claims that on March 7, 2007, he appeared before a Florida judge for purposes of extradition, and was informed that the State of Maryland had thirty days to take custody, but could file for two additional thirty day extensions. Paper No. 1 at Attachment. Plaintiff complains that the lodged and unexecuted parole detainer affects his housing and security level while confined in the Florida Department of Corrections. *Id*.

Plaintiff names the Chairman of the Maryland Parole Commission and Plaintiff's parole officer as Defendants, but the only particularized claim raised against these parties is that they have failed to respond to his FOIA requests. The FOIA provides that a federal agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing such requests. *See* 5 U.S.C. § 552(a)(3). The FOIA does not apply to state agencies or their staff. *See Ferguson v. Alabama Criminal Justice Center*, 962 F.Supp 1446, 1447 (M.D. Ala. 1997); *see also* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States....").[2]

Plaintiff seemingly asks this federal court to compel Defendants to provide him materials. To that end, his cause of action may be construed as a petition for mandamus relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed. This federal district court, however, has no mandamus jurisdiction over state employees. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Finally, while a state inmate may file suit under 42 U.S.C. § 1983 if he is raising a due process challenge to parole procedures, he must sufficiently allege and show the existence of a liberty interest protected by the due process clause. The Maryland parole statute does not create a legitimate expectation of parole release and therefore minimum procedural safeguards do not

---

[2] Plaintiff may file a Maryland Public Information Act request with the Maryland Parole Commission ("MPC"). Upon denial of that request he may then seek administrative review with the MPC of the official refusal to provide the requested information. *See* Maryland Code Ann., State Gov't, §§ 10-622. If unsuccessful with the administrative review, he may then file a complaint with the appropriate Maryland circuit court by way of an original civil action. *Id.*, §10-623.

accompany Plaintiff's parole hearing process.  *See Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988).

In light of this opinion, a separate order shall be entered dismissing the Complaint without requiring service of process.

|  |  |
|---|---|
| May 16, 2007 | /s/<br>ROGER W. TITUS<br>FOR<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |